United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO FARQUHARSON, | No. C 06-07338 WHA |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| DERRAL G. ADAMS, Warden, California State Prison, Corcoran, California, | |
| Respondent. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Real Party in Interest / | |

## INTRODUCTION

Petitioner Alfonso Farquharson is serving ten years in California state prison. In his petition for a writ of habeas corpus and the accompanying memorandum, he has stated valid claims under 28 U.S.C. 2254. Respondent is **ORDERED TO ANSWER** the petition.

## STATEMENT

Petitioner pled guilty in Superior Court under California Penal Code Section 273a(a) to felony child abuse, plus an enhancement under California Penal Code Section 12022.7(d) for personally inflicting great bodily injury on a child under five years old. The sentencing judge imposed a sentence of 10 years, imposing an aggravated term on the Section 12022.7(d) enhancement because the victim had suffered multiple serious injuries. The prosecutor argued that the victim suffered "fifteen broken bones," but nothing in the probation report or any other

part of the record supported that representation.  It is the aggravated term Mr. Farquharson challenges.

## ANALYSIS

**1.    STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. 2254(a).  A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless.  28 U.S.C. 2243.  Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**2.    PETITIONER'S LEGAL CLAIMS.**

Petitioner argues that the sentencing court imposed the aggravated term in violation of petitioner's Fifth and Sixth Amendment rights to be tried by a jury and to be found guilty only on proof beyond a reasonable doubt, as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004).  Petitioner states a valid claim.  Respondent therefore must answer.

## CONCLUSION

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition and memorandum of points and authorities, all attachments to it, and this order.  **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY FEBRUARY 7, 2007, AN ANSWER** conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b).  The record must be indexed.  If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated:  December 5, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE