1

2

3

4

5

6                              IN THE UNITED STATES DISTRICT COURT

7                              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   ALFONSO FARQUHARSON,                          No. C 06-07338 WHA

11              Petitioner,

12     v.                                          **ORDER TO SHOW CAUSE**

13   DERRAL G. ADAMS, Warden, California
     State Prison, Corcoran, California,

14              Respondent.

15

16   PEOPLE OF THE STATE OF CALIFORNIA,

17              Real Party in Interest
     _____/

18

19                                     **INTRODUCTION**

20          Petitioner Alfonso Farquharson is serving ten years in California state prison.  In his

21   petition for a writ of habeas corpus and the accompanying memorandum, he has stated valid

22   claims under 28 U.S.C. 2254.  Respondent is **ORDERED TO ANSWER** the petition.

23                                      **STATEMENT**

24          Petitioner pled guilty in Superior Court under California Penal Code Section 273a(a) to

25   felony child abuse, plus an enhancement under California Penal Code Section 12022.7(d) for

26   personally inflicting great bodily injury on a child under five years old.  The sentencing judge

27   imposed a sentence of 10 years, imposing an aggravated term on the Section 12022.7(d)

28   enhancement because the victim had suffered multiple serious injuries.  The prosecutor argued

     that the victim suffered "fifteen broken bones," but nothing in the probation report or any other

**United States District Court**
For the Northern District of California

part of the record supported that representation.  It is the aggravated term Mr. Farquharson challenges.

## ANALYSIS

### 1.   STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. 2254(a).  A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless.  28 U.S.C. 2243.  Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2.   PETITIONER'S LEGAL CLAIMS.

Petitioner argues that the sentencing court imposed the aggravated term in violation of petitioner's Fifth and Sixth Amendment rights to be tried by a jury and to be found guilty only on proof beyond a reasonable doubt, as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner states a valid claim.  Respondent therefore must answer.

## CONCLUSION

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition and memorandum of points and authorities, all attachments to it, and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY FEBRUARY 7, 2007, AN ANSWER** conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b).  The record must be indexed.  If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated:  December 5, 2006

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2