IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO FARQUHARSON, | No. C 06-07338 WHA |
| Petitioner, | |
| v. | **ORDER GRANTING MOTION TO DISMISS HABEAS CORPUS PETITION AS UNTIMELY** |
| DERRAL G. ADAMS, Warden, | |
| Respondent. | |

## INTRODUCTION

In this habeas corpus action, respondent Derral Adams moves to dismiss the petition as untimely. For the below-stated reasons, respondent's motion is **GRANTED**.

## STATEMENT

In January 2003, petitioner Alfonso Farquharson pleaded guilty in California state court to felony child abuse plus an enhancement for personally inflicting great bodily injury upon a child under the age of five. On February 20, 2003, the trial court sentenced petitioner to ten years in prison.

Petitioner appealed his sentence to the California Court of Appeal, which affirmed on April 23, 2004. Petitioner petitioned for review in the California Supreme Court on June 3, 2004. That court denied the petition for review on July 14, 2004. The remittitur issued on July 21, 2004.

1   On October 12, 2004, petitioner filed a motion to recall the remittitur based on the
2   United States Supreme Court's June 2004 decision in *Blakely v. Washington*, 542 U.S. 296
3   (2004). On October 22, 2004, the California Court of Appeal denied the motion.
4   On May 24, 2005, petitioner filed a petition for writ of habeas corpus with the California
5   Supreme Court. That court denied review on April 19, 2006. The instant federal petition was
6   filed on November 29, 2006 (Pet. at 1–2; Br. Exh. 1; Opp. Exh. A).
7   Finding that petitioner had stated valid claims, this Court issued an order to show cause
8   directing respondent to answer the petition. Respondent has not filed an answer and instead has
9   filed the instant motion to dismiss the petition for untimeliness.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996, petitioner had one year from the date his state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a petition for writ of habeas corpus. 28 U.S.C. 2244(d)(1)(A). The Ninth Circuit has held that under AEDPA, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). The Ninth Circuit has further explained that "when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Supreme Court Rule 13.1, in turn, provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."

For purposes of the instant motion, it is also necessary to remember that the one-year filing deadline may be tolled for certain periods. Specifically, AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review

2

1  with respect to the pertinent judgment or claim is pending shall not be counted toward any
2  period of limitation under this subsection." 28 U.S.C. 2244(d)(2).

3  In this case, the California Supreme Court denied the petition for review on direct appeal
4  on July 14, 2004. On July 15, petitioner's 90-day clock began to run for filing a petition for
5  certiorari with the United States Supreme Court. The 90th day of that period was October 12,
6  2004. Petitioner did not file a petition for writ of certiorari with the Supreme Court. Instead, he
7  filed a motion to recall the remittitur on October 12. That motion was denied ten days later on
8  October 22.

9  Had petitioner not filed his motion to recall the remittitur, the one-year limitation period
10 in this case would have begun on October 13, 2004, the 91st day after the California Supreme
11 Court denied the petition for review on petitioner's direct appeal.[1] The parties agree, however,
12 that the time during the pendency of the motion to recall the remittitur should not be counted
13 toward the one-year period (Br. 2; Opp. 3). Thus the period between October 12 and October
14 22 will not be counted.

15 The parties also agree that the statute should be tolled for another 330 days between
16 May 24, 2005, and April 19, 2006, while petitioner's state habeas corpus petition was pending
17 before the California Supreme Court. This period is appropriately tolled under 28 U.S.C.
18 2244(d)(2).

19 The key point of contention revolves around the motion to recall the remittitur. Whether
20 to toll any period beginning October 23, 2004, the day after the motion was denied, is the main
21 issue this order resolves. Petitioner offers two reasons why the period beginning October 23
22 should not be counted toward AEDPA's one-year limitation. *First*, he contends that the motion
23 to recall the remittitur was a continuation of the direct appeal. Thus, according to petitioner,
24 following denial of the motion on October 22, 2004, he had another 90 days (over and above the

---

[1] Respondent incorrectly argues that the period should have started on October 12. *See Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005) ("Brambles's conviction became final on December 1, 1998, ninety days after the California Supreme Court denied his petition for direct review. *Because the one-year limitations period began to run on the next day*, and no period of statutory tolling intervened, Brambles's federal habeas petition would have been untimely if filed after December 1, 1999.") (citation omitted) (emphasis added).

3

first 90 days) to file a petition for certiorari. Under petitioner's theory, this 90-day period would not have counted toward the one-year limitation. *Second*, petitioner contends that the motion to recall the remittitur was equivalent to a habeas corpus petition. Thus, he argues that the period between the denial of the first collateral attack on October 22 and the initiation of the second collateral attack on May 24, 2005, is eligible for "gap" or "interval" tolling.

Petitioner's first theory lacks merit. "In California procedure, a remittitur is analogous to the mandate in federal appellate practice." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1155 n.3 (9th Cir. 2000) (citing *Rare Coin Galleries, Inc., v. A-Mark Coin Co.*, 248 Cal. Rptr. 341, 344 (1988)). The Ninth Circuit has recognized:

> An application to recall the remittitur is a unique California post-conviction remedy whereby the petitioner asks the Court of Appeal or Supreme Court to reassert its jurisdiction over a case after it has relinquished that jurisdiction by issuing a remittitur following the final determination of the appeal. Though traditionally the use of an application to recall the remittitur has been limited, its scope has been so broadened in recent years that the motion to recall serves functions similar to those of certiorari and habeas corpus in the field of post-conviction review.

*Hayward v. Stone*, 496 F.2d 844, 845 (9th Cir. 1974) (citations and quotations omitted). Under this definition, a motion to recall a remittitur is only a request to reassert jurisdiction where none lies at the time the motion is made. The motion to recall the remittitur in this case thus cannot be considered part of petitioner's direct appeal. The California Court of Appeal denied petitioner's motion to recall the remittitur, thereby refusing to reopen the already-closed case.

Additionally, petitioner cites to no decision supporting his argument that the denial of the motion to recall the remittitur would "restart the clock" for a defendant to petition for a writ of certiorari before the United States Supreme Court. Under this theory, a defendant could toll the one-year period indefinitely by filing motions to recall the remittitur every 90 days. Moreover, in this case, petitioner filed his motion before — and the motion was denied by — the California Court of Appeal. He did not appeal the denial of the motion to recall the remittitur in the California Supreme Court. A petition for certiorari can only be sought after the denial of review by the state "court of last resort." Sup. Ct. R. 13.1. Thus the potential remedy through a Supreme Court writ of certiorari was unavailable to petitioner. This order holds that

4

1  the motion to recall the remittitur was not a continuation of the direct appeal that gave petitioner
2  *another* 90-day period for filing a petition for writ of certiorari.

3  Petitioner's second theory also lacks merit.  According to petitioner, if the motion to
4  recall the remittitur was essentially a habeas corpus petition, then he is entitled to toll the period
5  between the denial of the motion in October 2004 and the filing of his next habeas corpus
6  petition in May 2005.  Under this theory it is necessary to assume that the motion to recall the
7  remittitur was a collateral attack on petitioner's conviction and sentence.[2]

8  The principle of "gap" or "interval" tolling arises out of AEDPA's rule that "[t]he time
9  during which a properly filed application for State post-conviction or other collateral review
10 with respect to the pertinent judgment or claim is pending shall not be counted toward any
11 period of limitation under this subsection."  28 U.S.C. 2244(d)(2).  The Supreme Court has held
12 that under Section 2244(d)(2), the "time that an application for state postconviction review is
13 'pending' includes the period between (1) a lower court's adverse determination, and (2) the
14 prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely
15 under state law." *Evans v. Chavis*, 126 S. Ct. 846, 849 (2006) (citing *Carey v. Saffold*, 536 U.S.
16 214 (2002)).  In *Chavis*, the Supreme Court considered what constituted a "timely" notice of
17 appeal in California.  The Supreme Court noted that in most states, a prisoner who seeks review
18 of an adverse lower-court ruling must file a notice of appeal within a determinate time period,
19 such as 30 or 60 days.  California, however, requires only that the petition be filed within a
20 "reasonable time."  Examining the facts before it, the Supreme Court found that "viewing every
21 disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified,
22 delay of at least six months."  The Supreme Court held this to be "unreasonable":

23 > Six months is far longer than the "short period[s] of time," 30 to
> 60 days, that most States provide for filing an appeal to the state
24 > supreme court.  It is far longer than the 10-day period California

---

[2] This assumption is not unreasonable, as it has been recognized:  "An error of law does not authorize the recall of a remittitur.  An exception is made, however, when the error is of such dimensions as to entitle the defendant to a writ of habeas corpus, in which case the remedy of recall of the remittitur is deemed an adjunct to the writ, and will be granted when appropriate to implement the defendant's right to habeas corpus."  22C Cal. Jur. 3d Criminal Law:  Post-Trial Proceedings 831 (citing *People v. Mutch*, 4 Cal. 3d 389 (1971)); *see also Hayward*, 496 F.2d at 845 (noting that scope of a motion to recall the remittitur "serves functions similar to those of certiorari and habeas corpus in the field of post-conviction review").

5

> gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

*Id.* at 849, 854 (citations omitted).

    Here there was a gap of seven months between the denial of petitioner's motion to recall the remittitur and the filing of his habeas corpus petition before the California Supreme Court. Petitioner's brief offered no justification for this seven-month delay. After the hearing on this motion, petitioner's counsel was given a week to file a declaration setting forth detailed facts explaining the reason for the delay. Counsel did not file a declaration and instead filed a memorandum stating that "review of our records do not reveal with any certainty any extraneous reason for the delay" (Docket No. 17 at 1). The seven-month delay remains unexplained. This case thus falls squarely under — and is actually one month more extreme than — *Chavis*. Petitioner is not entitled to "gap" tolling for this delay of seven months. *See Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006).

    *        \*        \*

    For the foregoing reasons, this order holds that the one-year statute of limitations under AEDPA began to run on October 13, 2004. The following periods are not counted toward the one year: (1) October 12, 2004, to October 22, 2004, and (2) May 24, 2005, to April 19, 2006. Petitioner's federal habeas petition was thus due on September 18, 2006. The instant federal habeas petition was 72 days late when it was filed on November 29, 2006.

6

**CONCLUSION**

Respondent's motion to dismiss the petition is **GRANTED**. In his opposition, petitioner alleges that he could "still file a motion to recall the remittitur" in California state court based on *Cunningham v. California*, 127 S. Ct. 856 (2007). This ruling is without prejudice to any motion petitioner could bring in state court.

**IT IS SO ORDERED.**

Dated: April 19, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE